In the Matter of Resolutions Presented by the ROCHESTER BAR ASSOCIATION.

Fourth Department, May 17, 1929.

Per Curiam. At the March term a committee of the Rochester Bar Association presented to this court several resolutions adopted at a meeting of the members of that association, one of which condemned the solicitation of claims of any sort, commonly called " ambulance chasing," which term, the resolution states, is intended to include the activities of representatives, claim agents and adjusters for defendants, and called such condemnation to the attention of this court, with the request that the court co-operate with the association in taking all necessary and proper steps under the existing law to stamp out the practice. Another resolution in effect requested this court to appoint a referee to investigate into and report on the practices of Monroe county attorneys in relation to " ambulance chasing." No petition or affidavit accompanied these resolutions and no statement of facts was offered. The existence of a condition calling for an investigation was not presented. A bare request was made. If it were shown to this court that there was reason to believe that there existed a condition in any way resembling that which was shown to exist in the First Judicial Department by the petition of the Bar Associations therein, as set forth in the opinion of Chief Judge Cardozo in *People ex rel. Karlin* v. *Culkin* (248 N. Y. 465) or, if the court, or its members, had cognizance of the existence of such a condition, this court would not be slow to use all the power with which it is vested to remedy such condition and clear the profession of the law from the reproach which the existence of such a condition must inevitably bring upon it.

After consulting with the committee of the Rochester Bar Association, we have determined to postpone action upon the resolution asking for the appointment of a referee to investigate and report, until such time as a condition indicating the propriety and necessity for such action is brought to, or comes to our attention. If such representation should be made to us, assurance should be given at the same time of an intention and ability to carry through a searching investigation with the utmost diligence and energy.

As to the resolution requesting this court to co-operate with the

Rochester Bar Association in taking all necessary and proper steps under existing law to stamp out any improprieties of the kind mentioned, it only remains to be said that this court is ready and willing at all times so to co-operate. At present, however, nothing is before us requiring any specific action in this respect.

We have instructed the clerk of this court to communicate the two resolutions of the Rochester Bar Association above referred to, and this memorandum, to the various local bar associations in this department, as well as to the Federation of the Bar of Western New York.

Present — SEARS, P. J., CROUCH, TAYLOR, EDGCOMB, THOMPSON and CROSBY, JJ.